S10A0103. WILLIAMS v. MOODY.
(697 SE2d 199)

BENHAM, Justice.

Appellee Jammie K. Moody was convicted of armed robbery and aggravated battery in Coffee County and sentenced to a 20-year term of imprisonment in 2002. His conviction was affirmed by the Court of Appeals in an unpublished opinion. *Moody v. State*, 271 Ga. App. XXV (2005). Moody filed a petition for writ of habeas corpus in the Superior Court of Chatham County where he asserted he was not afforded his constitutional right to effective assistance of counsel at trial and on appeal. See *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985); *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141) (1974).[1] Citing our decisions in *Garland v. State*, 283 Ga. 201, 203 (657 SE2d 842) (2008), and *Milliken v. Stewart*, 276 Ga. 712 (583 SE2d 30) (2003), the habeas court granted relief in the form of a new

---

[1] Moody set out 22 instances in which counsel purportedly performed deficiently in his role as trial counsel and 11 instances in which counsel purportedly performed deficiently in his role as appellate counsel.

trial, on the ground that Moody received ineffective assistance of counsel on appeal because Moody was not afforded his constitutional right to "conflict-free" appellate representation. The habeas court's determination was based on several legal theories: that Moody's ability to assert ineffective assistance of *trial* counsel was waived if there had been an unexercised opportunity to assert the claim prior to appeal, and that Moody's right to conflict-free appellate counsel was infringed when trial counsel took on the role of appellate counsel after Moody had filed a motion in which he stated his belief that his conviction was the result of trial counsel's ineffective assistance.[2] Warden Thalrone Williams timely filed a direct appeal in this Court from the habeas court's grant of relief (see OCGA § 9-14-52 (c)), and we examine the legal theories employed by the habeas court.

1. In order to avoid a waiver of a claim of ineffective assistance against trial counsel, the claim must be raised at the earliest practicable moment, and that moment is "before appeal if the opportunity to do so is available. . . ." *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996). The pre-appeal opportunity is "available" when the convicted defendant is no longer represented by the attorney who represented him at trial. Where, as here, the defendant is represented by trial counsel through completion of the appellate process,[3] the failure to raise the issue of ineffective assistance of trial counsel prior to the direct appeal does not constitute a waiver of the ability to raise the claim since the defendant is able to raise the claim in a habeas proceeding. See *Arthur v. Walker*, 285 Ga. 578, n. 1 (679 SE2d 13) (2009) (where appellate counsel served as trial counsel, convicted defendant's claims in habeas petition of ineffective assistance of appellate counsel were not barred); *Gibson v. Head*, 282 Ga. 156 (2) (646 SE2d 257) (2007) (where trial counsel serves as appellate counsel the conflict of interest claim supporting a claim of ineffective assistance of counsel is exempt from the procedural

---

[2] The record reflects that Moody was sentenced on November 22, 2002, and on December 11, 2002, filed a pro se motion seeking the appointment of appellate counsel based on his contention that his conviction "is the result of ineffective assistance of counsel." The trial court appointed George McCranie IV as Moody's appellate counsel on December 11, 2002; however, the record does not reflect that Mr. McCranie ever acted on behalf of appellant. The record contains only one item filed by Mr. McCranie, a request for a leave of absence. The record also does not contain a withdrawal from representation filed by trial counsel. The motion for new trial was filed by trial counsel on December 19, 2002, and did not raise ineffective assistance of counsel. On February 9, 2004, trial counsel represented Moody at the hearing on the motion for new trial, where ineffective assistance of counsel was not mentioned. Trial counsel represented Moody in his direct appeal to the Court of Appeals and did not raise ineffective assistance at that stage.

[3] Moody did not allege and the habeas court did not consider whether the attorney appointed by the trial court to serve as Moody's post-trial counsel rendered ineffective assistance of appellate counsel, most likely because there is no record of any action taken on behalf of Moody by the appointed post-trial counsel.

default rule of habeas corpus). Compare *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991) (a convicted defendant pursuing habeas relief was procedurally barred from raising ineffective assistance of trial counsel because appellate counsel who did not serve as trial counsel had not raised ineffective assistance of trial counsel "at the first possible stage of post-conviction review"). Consequently, it was error for the habeas court to rely on the theory that Moody would lose his right to raise the issue of ineffective assistance of trial counsel if it were not raised prior to his direct appeal.

2. There is no dispute that a convicted defendant is entitled to effective assistance of counsel on direct appeal. See *Evitts v. Lucey*, supra, 469 U. S. 387 (II) (A); *Garland v. State*, supra, 283 Ga. at 202. Where a constitutional right to counsel exists, the Sixth Amendment to the United States Constitution requires that counsel's representation be free from conflicts of interest. *Wood v. Georgia*, 450 U. S. 261, 271 (101 SC 1097, 67 LE2d 220) (1981); *Garland v. State*, supra, 283 Ga. at 202. See also *Mickens v. Taylor*, 535 U. S. 162, 174-176 (122 SC 1237, 152 LE2d 291) (2002). Thus, a convicted defendant is entitled to appellate representation by conflict-free counsel as a matter of constitutional law. Id. at 203. When the allegation of conflicted counsel is raised as a basis for a claim of ineffective assistance of counsel, a finding that an attorney operated under an actual conflict of interest that adversely affected the attorney's performance may modify the two-pronged standard for ineffective assistance of counsel found in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) (i.e., deficient performance that prejudiced the defense), by presuming prejudice in certain situations. Id. at 692. See also *White v. State*, 287 Ga. 713, 720 (4) (a) (699 SE2d 291) (2010).[4]

---

[4] Sixth Amendment conflict-of-interest jurisprudence generally is confined to situations where the purported conflict stems from the attorney's simultaneous representation of multiple clients involved in the same legal issue. See *Wood v. Georgia*, supra, 450 U. S. 261; *Mickens v. Taylor*, supra, 535 U. S. at 174-176; *Cuyler v. Sullivan*, 446 U. S. 335, 350 (100 SC 1708, 64 LE2d 333) (1980). This Court has expanded the jurisprudential field by finding a Sixth Amendment actual conflict of interest to occur when the attorney's duty of loyalty to his client conflicts with the attorney's duty to the attorney's employer (*Edwards v. Lewis*, 283 Ga. 345, 350 (658 SE2d 116) (2008)), or when co-defense counsel served simultaneously as the law clerk for the judicial circuit in which his client was being tried. *Sallie v. State*, 269 Ga. 446 (2) (499 SE2d 897) (1998). In *Mickens v. Taylor*, supra, 535 U. S. at 174-176, the United States Supreme Court questioned, but did not rule upon, the propriety of applying the *Cuyler v. Sullivan* standard beyond an actual conflict of interest brought about by an attorney's concurrent multiple representation of clients or by the attorney's prior representation of a client so as to include situations in which counsel's personal or financial interests are implicated. In *Nix v. Whiteside*, 475 U. S. 157, 165 (106 SC 988, 89 LE2d 123) (1986), the United States Supreme Court cautioned courts to "be careful not to narrow the wide range of attorney conduct acceptable under the Sixth Amendment so restrictively as to constitutionalize standards of professional conduct."

The issue to be decided by the habeas court is at what point counsel is in a conflict that infringes upon his client's constitutional right to conflict-free appellate representation. In granting habeas relief upon finding that counsel's occupation of the dual roles of trial and appellate counsel constituted an actual conflict of interest when the client wished to assert that trial counsel had rendered ineffective assistance of counsel, the habeas court implicitly determined that appellate counsel was in a state of actual conflict of interest either when he failed to assert in the motion for new trial a claim of ineffective assistance of trial counsel despite Moody's desire that it be raised, or when counsel failed to withdraw from representation of Moody as soon as Moody expressed a desire to assert a claim of ineffective assistance. We address both possibilities seriatim.

While an accused has the ultimate authority to make certain fundamental decisions regarding the case such as whether to plead guilty, waive a jury, testify, or take an appeal, an indigent defendant does not have a constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U. S. 745, 751 (103 SC 3308, 77 LE2d 987) (1983). "It is the attorney's decision as to what issues should be raised on appeal, and that decision, like other strategic decisions of the attorney, is presumptively correct absent a showing to the contrary by the defendant." *Gaither v. Cannida*, 258 Ga. 557 (3) (372 SE2d 429) (1988).

> [I]n determining under the first *Strickland* prong whether . . . appellate counsel's performance was deficient for failing to raise a claim, "the question is not whether (an appellate) attorney's decision not to raise the issue was correct or wise, but rather whether [the] decision was an unreasonable one which only an incompetent attorney would adopt." [Cit.]

*Battles v. Chapman*, 269 Ga. 702 (1) (a) (506 SE2d 838) (1998). No such analysis was conducted by the habeas court in the case at bar.

The alternate finding of actual conflict of interest — that counsel was in a state of constitutional conflict when he did not withdraw from the case upon Moody's assertion that he believed himself to be a victim of ineffective assistance of trial counsel — is not supported by the record because the motion in which it was raised was unauthorized and without effect. Moody expressed his contention that trial counsel's representation fell below the constitutional standard in a pro se motion he filed while he was repre-

sented by trial counsel.[5] As we noted in *Garland*, supra, 283 Ga. at 203, a convicted defendant is not authorized to assert a pro se claim of ineffective assistance while represented by counsel. " '(T)he Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel. (Cit.)' [Cit.]" (*Hance v. Kemp*, 258 Ga. 649 (1) (373 SE2d 184) (1988)), and under the 1983 Georgia Constitution, "a layperson does not have the right to represent himself and also be represented by an attorney. . . ." *Seagraves v. State*, 259 Ga. 36 (2) (376 SE2d 670) (1989). A pro se motion filed by a convicted defendant while represented by counsel is "unauthorized and without effect." *Cotton v. State*, 279 Ga. 358 (5) (613 SE2d 628) (2005); *Ditman v. State*, 301 Ga. App. 187 (2) (c) (687 SE2d 155) (2009). Because Moody's motion was unauthorized and without effect, its contents are without force to support any viable claim of an actual conflict of interest on the part of counsel.[6] Consequently, there was no impediment to counsel's continued representation of Moody on appeal.

For the reasons stated above, the habeas court erred when it granted relief on the ground that Moody had been denied his constitutional right to conflict-free appellate representation. Accordingly, we reverse the habeas court's grant of relief and remand the case to the habeas court for further review of Moody's claims for relief.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JULY 5, 2010.

*Thurbert E. Baker, Attorney General, Mary B. Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Reggie A. Lampkin, Assistant Attorney General,* for appellant.

*J. Scott Key, Sarah Gerwig-Moore, Dustin B. Weeks,* for appellee.

---

[5] The motion was filed nineteen days after sentence was imposed on appellant and one week before counsel filed a motion for new trial. The pro se motion stated without elaboration that "Defendant contends that his conviction is the result of ineffective assistance of counsel" and that "Defendant will raise the claim of ineffective assistance of counsel [at the hearing on the motion for new trial]."

[6] In *Garland v. State*, supra, 283 Ga. at 203, we noted approvingly that Garland's trial counsel raised the issue of his possible ineffective assistance of trial counsel on behalf of his client and then sought to be removed from further representation of Garland.

*Howard Z. Simms, District Attorney, Gary D. Bergman,* amici curiae.