302 Ga. 315
FINAL COPY

S17A1083.  WHITE v. THE STATE.

NAHMIAS, Justice.

Appellant Wardell Deloun White entered guilty pleas to felony murder and other crimes in connection with the shooting deaths of Victor Martinez and Mauricio Maldonado, and the trial court entered judgments of conviction and sentence on the guilty pleas that did not merge.  During the same term of court, Appellant filed two pro se motions to withdraw guilty pleas.  The State moved to dismiss the pro se motions on the ground that Appellant was represented by counsel when he filed them, and the trial court granted the State's motion.  Appellant, assisted by counsel, filed a timely notice of appeal.  We affirm.

1.     On the night of April 28-29, 2012, Appellant participated in a home invasion in Eastanollee, Georgia, that resulted in the deaths of Martinez and Maldonado.  On April 30, Appellant was arrested, and on May 3, attorney Drew W. Powell of the Mountain Judicial Circuit Public Defender's Office filed an

entry of appearance in the trial court on Appellant's behalf. On July 17, a Stephens County grand jury indicted Appellant, along with two other defendants, on two counts of malice murder, two counts of felony murder, burglary, attempted armed robbery, two counts of aggravated assault, violation of the Georgia Street Gang Terrorism and Prevention Act, and three counts of possession of a firearm during the commission of a felony. Appellant was also charged with possession of a firearm by a convicted felon, two related counts of felony murder, and making a false statement during an official investigation. On October 16, the State filed a notice of intent to seek the death penalty against Appellant.

On January 16, 2013, attorney Jerilyn Bell of the Office of the Georgia Capital Defender filed an entry of appearance on Appellant's behalf, and on February 15, Emily Gilbert of the same office filed an entry of appearance. On October 15, 2014, Joseph W. Vigneri, another attorney with the Capital Defender's office, filed a notice of substitution for Bell as lead counsel.

On September 18, 2015, during the July 2015 term of the Stephens County

Superior Court,[1] Appellant entered negotiated guilty pleas to one count of felony murder against Martinez, burglary, attempted armed robbery, two counts of aggravated assault, violation of the Georgia Street Gang Terrorism and Prevention Act, one count of possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and making a false statement; the other charges were nolle prossed. On the same day, the trial court entered a final judgment noting the charges that were nolle prossed, merging Appellant's guilty plea to burglary into his guilty plea to felony murder predicated on burglary, and sentencing Appellant to serve life in prison with the possibility of parole plus a total of 15 consecutive years.

The following month, on October 15, 2015, the trial court received a handwritten letter from Appellant in which he requested to withdraw his guilty pleas.[2] The court treated the letter as a pro se motion to withdraw guilty pleas.

---

[1] The terms for the Stephens County Superior Court begin each year on January 1 and July 1. See OCGA § 15-6-3 (25) (C).

[2] Appellant's letter said:

Honorable Caudell,                                                    10-11-2015

My name is Wardell Deloun White. My case and Indictment No. is 2012-SU-CR-110CC. The purpose of this is to inform you that i would like to withdraw my plea for the following reasons: 1) I'm not guilty. 2) Before and during the signing of my plea agreement, i was prescribe anti-psychotic mental health medicine, Zyprexa. Which causes confusion, distraughtness as well as irrational

3

On October 21, the court served the letter on the District Attorney and defense counsel and issued a rule nisi, copied to the "Georgia Public Defender Standards Council," setting a hearing on December 1 to consider whether conflict counsel should be appointed for Appellant in light of the allegations in his handwritten letter against his present counsel. On November 5, Appellant, acting pro se, filed a motion to withdraw guilty pleas, claiming that the indictment was void, his pleas were invalid, the trial court erred in accepting the guilty pleas, and he received ineffective assistance of counsel. On November 12, Vigneri and Gilbert filed a motion to withdraw as counsel for Appellant.

On December 1, 2015, the case appeared on the trial court's 1:30 p.m. hearing calendar, but Appellant was unavailable, so the hearing was continued. At 1:45 p.m., the chief legal officer for the Georgia Public Defender Council ("GPDC") filed an Objection to Jurisdiction and Statement of Interest that objected to the trial court's effort to control who represented Appellant and

thinking. I was pressured to believe that if i didn't take the plea agreement that i was going to receive the "Death Penalty". I have also written the DA and Clerk of Court.
Sincerely,
/s/

P.S. I was pressured by my defense team to take the plea while on mental health medicine. The medicine clouded my judgment and lead me to believe that i was guilty. Which I'm not.

4

reported that

> the [GPDC] director has appointed Defendant White's case to William A. (Bill) Morrison. The Council has contracted with Mr. Morrison before on capital matters, and Mr. Morrison has had the necessary training to advise Defendant White on his motion to withdraw his guilty plea.

On December 11, the trial court granted Vigneri and Gilbert's motion to withdraw as counsel for Appellant and entered a separate order rescheduling the December 1 hearing to February 9, 2016, "for the purpose of hearing the merits of [Appellant's] Motion to Withdraw Guilty Plea." The hearing was later continued to February 12, 2016.

At the outset of the February 12 hearing, the State orally moved to dismiss Appellant's pro se motions to withdraw guilty pleas on the ground that he was represented by counsel when he filed them. Morrison, who appeared as counsel for Appellant at the hearing, complained of the lack of notice that the State was going to move to dismiss. The court gave Morrison 10 days to respond to the State's motion and suspended the hearing for 60 days to allow Morrison time to investigate the medications that Appellant was on and his state of mind when he entered his guilty pleas. On February 23, Morrison filed an amended motion to withdraw guilty pleas, asking that Appellant's letter to the court and pro se

5

motion to withdraw guilty pleas be amended by adding Morrison as Appellant's attorney of record and that the amendments "relate back" to the time of the original filings. On March 7, 2016, the trial court entered an order dismissing Appellant's pro se motions.

Morrison filed a timely notice of appeal on Appellant's behalf. After the trial court transmitted the record to this Court, the appeal was docketed to the April 2017 term and submitted for decision on the briefs.

2. Appellant contends that a defendant in a capital case should be "deemed unrepresented" after the entry of sentence. Appellant cites no authority, however, for the novel proposition that a lawyer's representation of a criminal defendant, whether facing the death penalty or otherwise, terminates the moment that a judgment of conviction and sentence is entered. Instead, he plucks a phrase from the last sentence of a Uniform Superior Court Rule on arraignment and argues that it means that a criminal defendant's attorney at arraignment represents the defendant from that point "throughout the trial," but if the defendant chooses after the trial to file a pro se motion, the defendant is

no longer represented by counsel.[3]  This far-fetched argument, even if correct, would not apply to Appellant, because here there was no trial; Appellant entered guilty pleas before his trial ever started.  Moreover, OCGA § 17-12-12 (d) says: "The Georgia capital defender division or appointed counsel's defense of a defendant in a case in which the death penalty is sought shall include all proceedings in the trial court and any appeals to the Supreme Court of Georgia. . . ."  We need not decide how this statute applies to a case like Appellant's in which the death penalty was sought but ultimately not pursued due to guilty pleas, but that statute certainly at least offsets Appellant's rule-based argument.

More fundamentally, and contrary to Appellant's assertion, a holding that criminal defendants' representation by counsel terminates automatically on the

---

[3]  USCR 30.2, which is entitled "Call for Arraignment," says in its entirety:
Before arraignment the court shall inquire whether the accused is represented by counsel and, if not, inquire into the defendant's desires and financial circumstances. If the defendant desires an attorney and is indigent, the court shall authorize the immediate appointment of counsel.  Upon the call of a case for arraignment, unless continued for good cause, the accused, or the attorney for the accused, shall answer whether the accused pleads "guilty," "not guilty" or desires to enter a plea of *nolo contendere* to the offense or offenses charged; a plea of not guilty shall constitute the joining of the issue.  Upon arraignment, the attorney, if any, who announces for or on behalf of an accused, or who is entered as counsel of record, shall represent the accused in that case throughout the trial, unless other counsel and the defendant notify the judge prior to trial that such other counsel represents the accused and is ready to proceed, or counsel is otherwise relieved by the judge.

entry of a judgment and sentence — whether following the return of a jury verdict or the entry of a guilty plea — would make little sense. It would deprive defendants of the "guiding hand of counsel," Powell v. Alabama, 287 U.S. 45, 69 (53 SCt 55, 77 LE 158) (1932), at a point in the proceeding when important decisions need to be made and actions potentially taken, often with short deadlines, regarding the filing of a post-trial motion (e.g., a motion for new trial), a post-plea motion (e.g., a motion to withdraw a guilty plea), or a notice of appeal. Such a holding also would contradict this Court's precedents on out-of-time appeals, which recognize that defense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed. See, e.g., Grace v. State, 295 Ga. 657, 658 (763 SE2d 461) (2014); Stephens v. State, 291 Ga. 837, 837-838 (733 SE2d 266) (2012).

A trial court in a criminal case has "plenary power over its orders and judgments during the term at which they are entered and may amend, correct, or revoke them, for the purpose of promoting justice," as long as no notice of appeal has been filed. Hipp v. State, 293 Ga. 415, 416 (746 SE2d 95) (2013) (citation and punctuation omitted). This authority "'extends to all orders and judgments save those which are founded upon verdicts.'" Id. (citation omitted).

8

Thus, we conclude that, at a minimum, legal representation continues — unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) — through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice. See Tolbert v. Toole, 296 Ga. 357, 362 (767 SE2d 24) (2014) ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (citation and punctuation omitted)).

There may be some period of time after which it no longer would be reasonable to treat a convicted defendant who has not filed a timely appeal or motion extending the time to appeal, or a timely motion to withdraw his guilty plea, as still represented by his trial or plea counsel. See, e.g., OCGA § 5-6-38 (a) (listing three post-judgment motions that reset the time for appeal). See also Christopher J. McFadden et al., Georgia Appellate Practice § 11:1 (Nov. 2016 update) (discussing resetting and non-resetting post-judgment motions).

9

However, we need not decide today exactly what that period is, because Appellant filed his pro se motions seeking to withdraw his guilty pleas well before the end of the term in which the judgments of conviction and sentence on his guilty pleas were entered. The trial court therefore correctly treated his October 15 and November 5, 2015 pro se filings as legal nullities, because he was represented by counsel when he made them. See Tolbert, 296 Ga. at 363 ("A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore 'unauthorized and without effect.'" (quoting Cotton v. State, 279 Ga. 358, 361 (613 SE2d 628) (2005))); Williams v. Moody, 287 Ga. 665, 669 (697 SE2d 199) (2010) ("A pro se motion filed by a convicted defendant while represented by counsel is 'unauthorized and without effect.'" (quoting Cotton)).

Appellant attempts to distinguish Tolbert, Williams, and Cotton on their facts, asserting that in those cases, the pro se filings treated as nullities were filed during the course of litigation, and the criminal defendants were represented by counsel both before and after the pro se filings. But Appellant also was represented by counsel both before and after his pro se filings, and like his motions, the pro se filings treated as nullities in Cotton and Williams were

10

made after the entry of judgments of conviction and sentence in those cases. Thus, the factual distinctions Appellant attempts to draw are illusory.

The only filing that could be treated as a valid motion to withdraw Appellant's guilty pleas was the amended motion that his new counsel, Morrison, filed on February 23, 2016. By that time, however, the term of court during which Appellant entered his guilty pleas had ended, so the trial court no longer had jurisdiction to grant a motion to withdraw guilty pleas. See Rubiani v. State, 279 Ga. 299, 299 (612 SE2d 798) (2005) ("'It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.'" (citation omitted)). Accordingly, the trial court properly granted the State's motion to dismiss.

3. Appellant contends next that the February 23 amended motion to withdraw guilty pleas transformed his previous October 15 and November 5 pro se filings into filings made by his later-appointed counsel. But an amended motion is not a time machine that allows a litigant to change past events. Appellant invokes the "relation back" doctrine for amendments of pleadings in civil actions, see OCGA § 9-11-15 (c), but he cites no authority for applying that

11

doctrine in this criminal context. Moreover, even in the civil context, a pleading purporting to amend a prior filing that was a nullity — as Appellant's pro se motions to withdraw guilty pleas were — does not relate back in time to the date of the non-filing, as the trial court here recognized. See GC Quality Lubricants, Inc. v. Doherty, Duggan & Rouse Insurors, 304 Ga. App. 767, 770-771 (697 SE2d 871) (2010).

4.    Finally, Appellant contends that Vigneri and Gilbert provided ineffective assistance by filing their motion to withdraw as his counsel without first filing a motion to withdraw guilty pleas or a motion to stay the proceedings until substitute counsel was appointed. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel in connection with his entry of a guilty plea. See Lee v. United States, 582 U. S. ___, ___ (137 SCt 1958, 1964, 198 LE2d 476) (2017). To demonstrate that Vigneri and Gilbert were constitutionally ineffective, Appellant was required to show that their "representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." Id. (quoting Strickland v. Washington, 466 U. S. 668, 688, 692 (104 SCt 2052, 80 LE2d 674) (1984)). Whatever the merits of this ineffective assistance of counsel claim, Appellant did not raise it in the trial

court and the trial court did not rule on it, and we therefore will not consider it for the first time on appeal.  See <u>Herbert v. State</u>, 288 Ga. 843, 849 (708 SE2d 260) (2011).

<u>Judgment affirmed.  All the Justices concur.</u>

Decided October 16, 2017.

Murder. Stephens Superior Court. Before Judge Caudell.

William A. Morrison, for appellant.

George R. Christian, District Attorney, Richard K. Bridgeman, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.