**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 23, 2018**

# In the Court of Appeals of Georgia

A18A0037. HERNANDEZ-RAMIREZ v. THE STATE.

MCFADDEN, Presiding Judge.

Marco Hernandez-Ramirez appeals the trial court's denial of his motion to withdraw his guilty plea. He argues that the trial court erred by conducting a hearing on his motion in his absence. But Hernandez-Ramirez's pro se motion was a legal nullity. So we vacate the trial court order denying the motion and remand the case for the trial court to dismiss the motion.

Hernandez-Ramirez pleaded guilty to multiple crimes, including three counts of homicide by vehicle in the first degree, driving under the influence of alcohol, driving on the wrong side of the roadway, and driving without a valid license. The trial court sentenced Hernandez-Ramirez to a total of 43 years with the first 40 years to be served in confinement.

Two months after the entry of the judgment of conviction and sentence and within the same term of court, Hernandez-Ramirez filed a pro se "motion to appeal guilty plea," which the trial court treated as a timely motion to withdraw the plea. See OCGA § 15-6-3 (27) (C) (Hart County terms of court commence on the third Monday in February and August). Once the trial court denied the motion, Hernandez-Ramirez filed this appeal.

An appellant's pro se motion to withdraw a guilty plea is a nullity if the appellant is represented by counsel at the time he or she files the motion. *White v. State*, 302 Ga. 315, 318-320 (2) (806 SE2d 489) (2017). As to whether a criminal defendant remains represented by counsel after conviction, our Supreme Court has clarified that

> at a minimum, legal representation continues — unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see [Uniform Superior Court Rule] 4.3 (1)-(3) — through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice.

Id. at 319 (2) (citation omitted).

The record in this case does not include an order allowing counsel to withdraw or anything indicating compliance with the requirements for substitution of counsel before Hernandez-Ramirez filed his pro se motion. So under *White*, supra, Hernandez-Ramirez remained represented by counsel at the time he filed his pro se motion and the motion is a nullity. Accordingly, "we vacate the trial court's order on [the pro se] motion and remand for entry of the appropriate order." *Brooks v. State*, 301 Ga. 748 (804 SE2d 1) (2017).

*Judgment vacated and case remanded with direction. Ray and Rickman, JJ., concur.*

3