# Court of Appeals
# of the State of Georgia

ATLANTA,  June 15, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1711.  CHRISTOPHER FLEMING v. THE STATE.**

In 2012, Christopher Fleming pled guilty to child molestation and possession of a firearm by a convicted felon.  The trial court sentenced him to the maximum 20 year sentence on the child molestation count. He subsequently filed a motion to withdraw his guilty plea.  The trial court denied his motion to withdraw his guilty plea and we affirmed the trial court's order on appeal in an unpublished opinion. Case No. A13A1748 (decided January 7, 2014).

In 2017, Fleming filed a pro se motion to correct a void and illegal sentence, arguing that the trial court was required to issue a split sentence for the child molestation count under OCGA § 17-10-6.2 (b).  The trial court granted the motion and appointed counsel to represent Fleming at the re-sentencing hearing.  After the hearing, the court re-sentenced Fleming on the child molestation count to 20 years, with the first 19 years to be served in confinement, and the balance on probation. Fleming subsequently filed a pro se notice of appeal within 30 days of the sentence. We, however, lack jurisdiction.

Pro se filings by represented parties are legal nullities.  *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017).  In this case, counsel represented Fleming at the re-sentencing hearing, and there is no indication in the record that counsel filed a motion to withdraw.  See id. at 318 (2) ("[D]efense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed).  Accordingly, only counsel was authorized to file a notice of appeal.  See *Soberanis v. State*, No. A17A1578 (decided Mar. 26, 2018) (pro se notice of appeal was a legal nullity).  Thus, without the proper filing of a notice of

appeal, this case is hereby DISMISSED for lack of jurisdiction. See id.

To the extent that Fleming's right to appeal has been frustrated by errors of counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995). He therefore is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a proper notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The clerk of court is DIRECTED to send a copy of this order to Fleming as well as to Fleming's attorney, who is also DIRECTED to send a copy to Fleming.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  06/15/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*