# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0501. VICTOR LEON BLOCKUM v. THE STATE.**

On April 12, 2018, Victor Leon Blockum pleaded guilty to voluntary manslaughter and armed robbery. He was represented by counsel during his plea. On April 23, 2018, Blockum filed this pro se application for discretionary appeal in the Supreme Court, which transferred it to this Court after determining the case did not invoke Supreme Court jurisdiction. We, however, also lack jurisdiction.

In his pro se application brief, Blockum seeks to challenge his convictions on the ground that his plea was coerced and not voluntarily entered. No application for discretionary appeal is required to appeal a criminal conviction. Ordinarily, when a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  To fall within this general rule, however, the application must be properly filed, and Blockum's application is not a valid filing.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (citations and punctuation omitted). When a criminal defendant submits a pro se filing while still represented by counsel, the filing is a legal nullity and will be dismissed by an appellate court. *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017).

In this case, counsel represented Blockum at his plea hearing and sentencing on April 12, 2018. Blockum then filed this pro se application on April 23, 2018, but the record is devoid of any order indicating that Blockum's counsel had been relieved of his representation in these proceedings. The Georgia Supreme Court has ruled that

a defense counsel's duties toward his client extend "through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice." Id. at 319 (2). Here, Blockum filed his pro se application seeking to withdraw his guilty plea well before the end of the term in which the judgment of conviction and sentence on his guilty plea was entered. See OCGA § 15-6-3 (27) (E) (Oglethorpe County terms of court begin on the 3rd Monday in May and November). Thus, only counsel was authorized to file an application or notice of appeal, and Blockum's pro se application is a legal nullity. See *White*, 302 Ga. at 319 (2). Consequently, Blockum's application is hereby DISMISSED.

To the extent that Blockum's right to appeal has been frustrated by errors of counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995). He therefore is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This application has been dismissed because you failed to file a proper application or notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The clerk of court is DIRECTED to send a copy of this order to Blockum as well as to Blockum's attorney, who is also DIRECTED to send a copy to Blockum.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__07/09/2018_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.