**FIFTH DIVISION
MCFADDEN, P. J.,
RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 18, 2019**

# In the Court of Appeals of Georgia

A18A1994. CASON v. THE STATE.

MCFADDEN, Presiding Judge.

Langston Cason appeals from the trial court's denials of his pro se motions to withdraw a guilty plea and for appointment of counsel. Because Cason was already represented by counsel when he filed the pro se motions, they were legal nullities that should have been dismissed. So we vacate the trial court denials of the motions and remand the case for the trial court to dismiss the motions.

On September 18, 2017, Cason appeared with counsel in the Grady County Superior Court to enter a negotiated guilty plea to a charge of possessing cocaine. At the hearing, the trial judge indicated that because of Cason's criminal history she was not inclined to follow the state's recommendation of a probated sentence and instead was inclined to impose a sentence of three years in confinement. The trial court then

suspended the proceedings in order to give Cason and his counsel an opportunity to further consider the plea.

On December 4, 2017, Cason returned to court with counsel in order to enter a non-negotiated plea to the cocaine charge. During the hearing, the trial court confirmed with Cason that he understood that such a plea meant the court would sentence him without any agreement between him and the state. At the hearing, Cason also entered his written plea form on which he swore that he understood, among other things, that any recommendation regarding sentencing was not binding on the court and that it was solely up to the court to determine the sentence if he pled guilty. The trial court accepted the plea and, after considering the testimony of a defense witness and argument of counsel, sentenced Cason to serve three years in confinement. The trial court's written judgment of conviction and sentence was signed on December 4, 2017, and filed on December 13, 2017.

On December 20, 2017, Cason filed a pro se motion to withdraw his guilty plea, claiming that he had not been advised that the judge could reject the plea agreement of three years probation and impose a sentence of incarceration. A hearing on the pro se motion was scheduled for March 8, 2018. At the hearing, Cason also filed a pro se motion for appointment of new counsel. The trial judge denied the

motion for appointment of new counsel and proceeded with the hearing on Cason's pro se motion to withdraw the guilty plea. Several days after the hearing, on March 16, 2018, the trial court entered an order denying the motion to withdraw the guilty plea. Cason appeals, challenging the denial of his pro se motions.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (citation and punctuation omitted). See also *Williams v. Moody*, 287 Ga. 665, 669 (2) (697 SE2d 199) (2010) ("A pro se motion filed by a convicted defendant while represented by counsel is 'unauthorized and without effect.' [Cit.]"); *Cotton v. State*, 279 Ga. 358, 361 (5) (613 SE2d 628) (2005) (accord). Thus, a pro se motion filed by a criminal defendant "is a [legal] nullity if the defendant is represented by counsel at the time he or she files the motion." *Hernandez-Ramirez v. State*, 345 Ga. App. 402 (812 SE2d 798) (2018) (citation omitted). See *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (trial court correctly treated defendant's "pro se filings as legal nullities, because he was represented by counsel when he made them").

In the instant case, Cason was still represented by plea counsel when he filed his pro se motions to withdraw his guilty plea and for appointment of counsel. With regard to counsel's continuing legal representation of a criminal defendant who has entered a guilty plea, our Supreme Court has explained that

> at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) – through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice. See *Tolbert*[, supra at 362 (3)] ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (citation and punctuation omitted)).

*White*, supra.

Here, the trial court entered judgment of conviction and sentence on Cason's guilty plea during the September 2017 term of court. See OCGA § 15-6-3 (34) (D) (Grady County Superior Court terms of court commence on the third Monday in March and September). Because the record does not include an order allowing Cason's plea counsel to withdraw or anything indicating compliance with the requirements for substitution of counsel prior to the end of that September term of

4

court, plea counsel's legal representation of Cason continued until the end of that term. During that same term of court, Cason filed the pro se motions at issue. Since Cason was still represented by counsel at the time he filed his pro se motions, those motions were legal nullities — unauthorized and without effect — and should have been dismissed by the trial court. See *White*, supra at 320 (2). (Cason's pro se notice of appeal was filed on March 28, 2018, which was not during the same term of court when judgment of conviction and sentence was entered, but was during the following term of court. See OCGA § 15-6-3 (34) (D). As such, we find that the pro se notice of appeal was not a legal nullity requiring dismissal. Compare *Clifton v. State*, 346 Ga. App. 406, 408 (814 SE2d 441) (2018) (physical precedent)). "Accordingly, we vacate the trial court's [denials of] the pro se motion[s] and remand for entry of the appropriate order. *Brooks v. State*, 301 Ga. 748, 749 (804 SE2d 1) (2017)." *Hernandez-Ramirez*, supra at 403 (punctuation omitted).[1]

*Judgment vacated and case remanded with direction. Rickman and Markle, JJ., concur.*

---

[1]Cason has filed the following pro se motions in this court: Motion to Amend Motion to Withdraw Guilty Plea; Second Motion to Amend Motion to Withdraw Guilty Plea; Motion to Intervene; Motion to Enter Contempt Order Upon Appellee; and Motion to Amend Appellant's Brief. All of the motions are hereby denied.