# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0344.  JONATHAN ALTON PURCELL v. THE STATE.**

On May 8, 2018, Jonathan Alton Purcell, with the advice of counsel, pleaded guilty to hit and run in the superior court of Stephens County.  Through the same counsel, Purcell filed a motion to withdraw his guilty plea on May 17, 2018.  Purcell then obtained new counsel and filed an amended motion to withdraw his guilty plea on August 2, 2018.  Purcell then, again through counsel, voluntarily withdrew his pending motion to withdraw his guilty plea, as reflected in the trial court's order on September 18, 2018.  Then on various days in October 2018, Purcell filed multiple pro se motions, including a motion to arrest judgment, motion for new trial, petition for application of appeal, and petition for writ of certiorari.  The trial court denied all of Purcell's pro se motions on December 10, 2018.  Purcell then filed this pro se application for discretionary appeal in the Supreme Court, which transferred it to this Court after determining the case did not invoke Supreme Court jurisdiction.  See *Purcell v. State*, Case No. S19D0625 (decided January 31, 2019).  We, however, also lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (citations and punctuation omitted). When a criminal defendant submits a pro se filing while still represented by counsel, the filing is a legal nullity and will be dismissed by an appellate court. *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017).

In this case, Purcell was represented by counsel at all times during these

proceedings, including at the hearing where he voluntarily withdrew his motion to withdraw his guilty plea on September 2, 2018. The record is devoid of any order indicating that Purcell's counsel had been relieved of his representation before Purcell filed his pro se motions in October 2018. The Georgia Supreme Court has ruled that a defense counsel's duties toward his client extend "through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice." *White*, 302 Ga. at 319 (2). Here, Purcell filed his pro se motions well before the end of the term in which the judgment of conviction and sentence on his guilty plea was entered. See OCGA § 15-6-3 (25) (C) (Stephens County terms of court begin on January 1 and July 1). Thus, Purcell's pro se motions were a legal nullity. See *White*, 302 Ga. at 319 (2). Consequently, Purcell's application is hereby DISMISSED.

To the extent that Purcell's right to appeal has been frustrated by errors of counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995). He therefore is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This application has been dismissed because you failed to file a proper application or notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The clerk of court is DIRECTED to send a copy of this order to Purcell as well as to Purcell's

attorney, who is also DIRECTED to send a copy to Purcell.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/18/2019*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*