# Court of Appeals
# of the State of Georgia

ATLANTA,  October 02, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1214.  WILLIAM RAYMOND BUSH v. THE STATE.**

In 2014, following a jury trial, Bush was convicted of multiple counts of identity fraud, entering an automobile, and theft by taking.[1] Bush, through counsel, filed a timely motion for new trial. Shortly thereafter, the trial court appointed appellate counsel to represent Bush in his post-conviction proceedings. Bush then filed multiple pro se motions for a substitution of counsel, citing an irreconcilable conflict, which the trial court denied. Meanwhile, appellate counsel also sought unsuccessfully to withdraw as Bush's appointed counsel. The trial court held a hearing on Bush's motion for new trial on August 1, 2016, during which appellate counsel represented that he was working with Bush to prepare an amended motion for new trial.

More than a year later, on May 18, 2018, the trial court denied Bush's motion for new trial. Because Bush had yet to file an amended motion despite being afforded "ample time" to do so, the trial court entered a ruling on the motion for new trial, without amendment, concluding that: (1) the evidence was sufficient to sustain Bush's convictions; and (2) Bush had waived any challenge to the reasonableness of his total 80-year sentence by failing to raise this issue at sentencing.

Bush did not appeal the denial of his motion for new trial. Instead, on June 4, 2018, appellate counsel filed a motion for reconsideration of the trial court's order

---

[1] Bush was indicted on a total of 38 counts. The jury acquitted Bush of several counts, and returned no verdict on other counts. The State nolle prossed the five counts on which the jury was unable to reach a unanimous verdict.

denying the motion for new trial, a motion for an extension, and a renewed motion to withdraw as counsel. The trial court denied this motion on July 12, 2018. Bush did not appeal the denial of the motion for reconsideration. Then, on July 10, 2018, Bush filed a pro se "Extraordinary Motion for Reconsideration of the Order Denying Motion for New Trial," arguing that any delay in filing an amended motion for new trial was due to his "[i]nept appellate counsel." On August 15, 2018, the trial court entered an order summarily denying Bush relief in an "Order Denying 'Extraordinary Motion for Reconsideration of the Order Denying Motion for New Trial.'" On September 13, 2018, Bush filed the instant appeal from the August 15 order. We, however, lack jurisdiction.

OCGA § 5-6-38 (a) provides, in relevant part, that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." The trial court entered a final disposition on Bush's convictions and sentence on November 17, 2014, and an amended judgment on December 5, 2014. Bush filed a timely motion for new trial, which the court denied on May 18, 2018.  Bush's instant notice of appeal was filed more than 30 days after the entry of his judgment of conviction and the denial of his motion for new trial. Thus, Bush's notice of appeal is untimely as to those orders.

Moreover, the denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271-272 (326 SE2d 5) (1985). Bush's notice of appeal therefore

is invalid as to the August 15 order denying his pro se motion for reconsideration.[2] Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.

Because Bush was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995): This appeal has been dismissed because you failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file

---

[2] Bush was still represented by counsel when he filed his pro se motion for reconsideration from the denial of his motion for new trial, and there is nothing in the record indicating that counsel either withdrew or was relieved from representation. See *Williams v. Moody*, 287 Ga. 665, 669 (2) (697 SE2d 199) (2010) ("A pro se motion filed by a convicted defendant while represented by counsel is unauthorized and without effect.") (citation and punctuation omitted). See also *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017) ("defense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed"). Because Bush was still represented by counsel when he filed his pro se motion, that motion was a legal nullity — unauthorized and without effect — and should have been dismissed by the trial court. See *White*, 302 Ga. at 320 (2).

a notice of appeal referencing the denial of your request for an out-of-time appeal. The clerk of court is DIRECTED to send a copy of this order to Bush as well as to Bush's attorney, who is also DIRECTED to send a copy to Bush.[3]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/02/2019__*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] On August 16, 2018, Bush, through counsel, filed an "Extraordinary Motion for New Trial and/or Motion for Leave to File Out of Time Appeal." In his notice of appeal, Bush asserts that he is seeking to appeal from the August 15, 2018 order denying his "Extraordinary Motion for New Trial and/or Motion for Leave to File Out of Time Appeal." However, in the August 15 order, the trial court denied Bush's pro se "Extraordinary Motion for Reconsideration of the Order Denying Motion for New Trial," filed on July 10, 2018. Based on the record before us, it appears that the trial court has yet to enter a ruling on Bush's August 16 motion.