# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1250, A20A1251.  KENDALL LACY v. THOMAS A. COX, JR. et al.**

Kendall Lacy is presently incarcerated at the Fulton County Jail awaiting trial on charges stemming from an alleged sexual assault. Lacy has filed two original mandamus petitions in this Court asking us to direct the Fulton County Superior Court to dismiss the charges against him. For reasons that follow, we conclude that neither petition presents an appropriate case for this Court to exercise original mandamus jurisdiction.

The Georgia Constitution grants mandamus authority to the appellate and superior courts of this state. See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Unlike appellate courts, however, superior courts are "equipped to develop an evidentiary record." *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019). Thus, "[e]xcept in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction pursuant to the Constitution of 1983 must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010). Further, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

In Case No. A20A1250, Lacy complains that the superior court failed to act upon his speedy trial demand. He does not indicate that he first applied for mandamus relief, or even filed a motion for discharge and acquittal, in the superior court. Moreover, it appears that Lacy filed the speedy trial demand pro se, even though he was represented by counsel. "A criminal defendant in Georgia does not have the right

to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Cason v. State*, 348 Ga. App. 828, 829 (823 SE2d 357) (2019) (punctuation omitted). A legally unauthorized speedy trial demand does not create any right to relief.

In Case No. A20A1251, Lacy claims that the charges against him are baseless and that he is pursuing an action for malicious prosecution against the State. It appears that this claim may be resolved through the normal legal channels of Lacy's criminal prosecution and his malicious prosecution action. Additionally, as with Case No. A20A1250, Lacy does not indicate that he has petitioned the superior court for mandamus relief in connection with this claim.

In sum, neither of Lacy's petitions presents an appropriate case for our original mandamus jurisdiction. Accordingly, we hereby DISMISS both petitions.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 02/14/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____, *Clerk.*