# Court of Appeals
# of the State of Georgia

ATLANTA,  March 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1330. SHAUN A. BLAND v. THE STATE.**

A jury found Shaun A. Bland guilty of several counts of aggravated child molestation, child molestation, and enticing a child, and the trial court entered sentence on October 22, 2015. On November 19, 2015, Bland filed a pro se motion for new trial. Bland's trial counsel subsequently was permitted to withdraw from the case, and new appellate counsel filed amended motions for new trial. The trial court denied the motion for new trial as amended, and Bland – through appellate counsel – filed a notice of appeal. We, however, lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (citation and punctuation omitted) "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." *Tolbert*, 296 Ga. at 362 (3) (citation and punctuation omitted). Here, the record shows that Bland's trial counsel withdrew in 2017. Consequently, Bland was represented when he filed his pro se motion for new trial, which is thus a legal nullity. See *Hernandez-Ramirez v. State*, 345 Ga. App. 402, 402 (812 SE2d 798) (2018). The fact that appellate counsel purported to amend the filing does not render it valid. See *White v. State*, 302 Ga. 315, 320 (3) (806 SE2d 489) (2017).

Under these circumstances, the trial court erred in ruling on Bland's motion for new trial.[1] We thus VACATE the judgment, and REMAND for entry of an appropriate order. See *Hernandez-Ramirez*, 345 Ga. App. at 402.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 03/17/2020
 *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
 *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____, *Clerk.*

---

[1] Because Bland's right to challenge his conviction may have been frustrated by his counsel's failure to file a motion for new trial, Bland may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995).