# Court of Appeals
# of the State of Georgia

ATLANTA,  November 06, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1670.  GEORGE GEELAN v. THE STATE.**

Following a jury trial at which he was represented by counsel, George Geelan was convicted of child molestation. Geelan filed two pro se motions for new trial. More than a year later, the trial court appointed appellate counsel to represent Geelan, and counsel subsequently filed an amended motion for new trial. The trial court denied the motion, and Geelan filed a notice of appeal. We lack jurisdiction because the notice of appeal was not timely filed.

"Under longstanding Georgia law, the proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (punctuation omitted). Generally, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a). However, "when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion[.]" Id. A motion for new trial must be filed within 30 days of a judgment of conviction. OCGA § 5-5-40 (a). "[A] late-filed motion for new trial cannot toll the time for filing a notice of appeal under OCGA § 5-6-38 (a)." *Pounds v. State*, __ Ga. __ n.4 (846 SE2d 48) (Case No. S20A0470, decided July 1, 2020); see also *Blackmon v. State*, 306 Ga. 90, 91 n.1 (829 SE2d 75) (2019) ("[T]he time period for filing a notice of appeal is not tolled by an untimely motion for new trial.").

Here, although Geelan filed two pro se motions for new trial and a counseled, amended motion for new trial, these motions did not operate to toll the deadline for filing a notice of appeal from his judgment of conviction. The pro se motions for new

trial were legal nullities. "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). Such unauthorized filings include motions for new trial. *Pounds*, __ Ga. at __ (2) (b) ("if a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity"). The duties of Geelan's trial counsel "extend[ed] for at least the 30 days after the entry of judgment when a notice of appeal may be filed." *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017). Nothing in the record indicates that trial counsel withdrew or was relieved of representation during this period. Accordingly, Geelan's pro se motion for new trial was a legal nullity, see *Pounds*, __ Ga. at __ (2) (b), and therefore could not operate to extend the time for filing a notice of appeal.

Although substitute counsel filed an amended motion for new trial, "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing[.]" *White*, 302 Ga. at 320 (3); see also *Pounds*, __ Ga. at __ (4) ("a legally void motion cannot be resuscitated by the appearance of counsel alone, and even an attorney purporting to amend a prior filing that was a nullity cannot change the void nature of the legally inoperative motion") (punctuation omitted). Rather, the amended motion for new trial must be treated as "the first and only legally operative motion for new trial filed on [Geelan's] behalf." *Pounds*, __ Ga. at __ (4). However, that filing – made nearly two years after the judgment of conviction – was not timely.[1] See OCGA § 5-5-40 (a). As such, it did not extend the time for Geelan to file a notice of appeal. See *Pounds*, __ Ga. at __ n.4; *Blackmon*, 306 Ga. at 91 n.1. Accordingly, Geelan's notice of appeal is untimely, and this case is hereby DISMISSED for lack of jurisdiction.

To the extent that Geelan's right to appeal has been frustrated by errors of

---

[1] The judgment of conviction was entered on May 10, 2017, and the amended motion for new trial was filed on March 13, 2019.

counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995). He therefore is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The clerk of court is DIRECTED to send a copy of this order to Geelan as well as to Geelan's attorney, who is also DIRECTED to send a copy to Geelan.[2]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  11/06/2020*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*  , *Clerk.*

---

[2] We note that if the trial court grants Geelan an out-of-time appeal, that order will have the effect of "render[ing Geelan's] initially untimely motion for new trial ripe for review." *Pounds*, __ Ga. at __ (4).