In the Supreme Court of Georgia

Decided:  November 17, 2014

S14A1158.  TOLBERT v. TOOLE, WARDEN.

NAHMIAS, Justice.

In 2009, a jury found David Tolbert guilty of armed robbery and other crimes, and he was sentenced to life in prison.  The Court of Appeals affirmed his convictions on direct appeal.  See Tolbert v. State, 313 Ga. App. 46 (720 SE2d 244) (2011).  Tolbert then filed a petition for habeas corpus alleging, among other things, that his pro se notice of appeal from the trial court's pretrial oral ruling denying his motion for discharge and acquittal had never been resolved and therefore deprived the court of jurisdiction to try him, rendering his resulting judgments of conviction void.  The habeas court denied the petition.

This Court granted Tolbert's application to appeal to consider whether the habeas court erred in ruling that Tolbert had procedurally defaulted his jurisdictional claim based on the pretrial, pro se notice of appeal.  We conclude that the habeas court's procedural default ruling was erroneous, but we also

conclude that the record on appeal does not support Tolbert's jurisdictional claim. Accordingly, we affirm the denial of habeas relief under the right-for-any-reason doctrine. See Bunn v. State, 291 Ga. 183, 193 (728 SE2d 569) (2012).

1. On August 21, 2007, a Houston County grand jury indicted Tolbert and a co-defendant for armed robbery, aggravated battery, aggravated sodomy, and other crimes related to a brutal home invasion.[1] The trial court appointed the public defender's office to represent Tolbert, and attorney Robert Surrency was assigned to the case. On October 26, 2007, through counsel, Tolbert filed a statutory speedy trial demand.[2] At some point before February 2008, the trial court struck the demand during an off-the-record discussion with counsel for Tolbert and the State, but without Tolbert present and without entering a written order. On March 12, 2008, the court granted Tolbert leave to file another, out-of-time statutory speedy trial demand, but he never filed one.

---

[1] The crimes are described at length in Tolbert, 313 Ga. App. at 46-48.

[2] See OCGA § 17-7-171 (a) ("Any person accused of a capital offense may enter a demand for speedy trial at the term of court at which the indictment is found or at the next succeeding regular term thereafter; or, by special permission of the court, the defendant may at any subsequent term thereafter demand a speedy trial. . . ."); Walker v. State, 290 Ga. 696, 696 (723 SE2d 894) (2012) (recognizing armed robbery as a "capital offense" for purposes of OCGA § 17-7-171).

2

The case was then set for trial in August 2008, with a motions hearing set for July 25. On July 15, Tolbert, who was still represented by Surrency, filed a pro se motion to remove counsel and a pro se motion for discharge and acquittal on statutory speedy trial grounds. At a hearing on July 17, the trial court orally denied both of Tolbert's pro se motions. Tolbert then invoked his constitutional right to represent himself, see generally Faretta v. California, 422 U.S. 806 (95 SCt 2525, 45 LE2d 562) (1975), and the court discussed with Tolbert why that might be a bad idea. As the hearing proceeded, the court said that it was relieving Surrency and the public defender's office from representing Tolbert and indicated that it was signing an order to that effect. However, no such order appears in the record on appeal.[3]

Two weeks later,[4] on July 31, the public defender's office filed a "Notice

_____

[3] In the habeas court, Tolbert filed – but then withdrew – a motion seeking an order directing the trial court to supplement the record with respect to his pro se status as well as other matters. See Perkins v. Hall, 288 Ga. 810, 828 n.10 (708 SE2d 335) (2011) (noting that this Court has previously sanctioned the use by habeas courts of OCGA § 5-6-41 for the purpose of directing a trial court to reconstruct an incomplete trial record). Thus, Tolbert did not obtain a ruling from the habeas court on his motion, and he has not enumerated as error in this appeal any alleged inadequacy of the trial court record in this regard. Tolbert also filed a motion in this Court to supplement the record on appeal, but that motion does not concern his pro se status and thus is not relevant to the issues we are addressing; the motion is therefore denied.

[4] During this period, Tolbert filed several more pro se motions, and a hearing was set for July 25. However, no transcript of such a hearing is in the record on appeal, nor are any orders on Tolbert's motions.

of Withdrawal" as counsel of record for Tolbert, but the record on appeal does not contain the required order permitting withdrawal or even a request for such an order.[5] The next day, August 1, 2008, Tolbert filed a pro se notice of appeal purporting to appeal the trial court's oral denial on July 17 of his pro se motion for discharge and acquittal. That same day, August 1, a private attorney, William Peterson, signed and served an "Entry of Appearance" on behalf of Tolbert; it was filed on August 4.[6]

With Peterson as his counsel, Tolbert was tried in August 2008 and again

---

[5] Uniform Superior Court Rule 30.2 requires defense counsel entered as counsel of record at arraignment to "represent the accused in that case throughout the trial, unless other counsel and the defendant notify the judge prior to trial that such other counsel represents the accused and is ready to proceed, or counsel is otherwise relieved by the judge." In order for defense counsel to formally withdraw after arraignment, several steps are required. First, counsel must give the client at least ten days' written notice of counsel's intent to withdraw and must "submit a written request to an appropriate judge of the court for an order permitting such withdrawal." USCR 4.3 (1). Counsel next must file a detailed notice concerning the status of the case and the client's rights and obligations, which is provided to opposing counsel and served on the client. See USCR 4.3 (2). Then counsel must file a "written notification certificate," mail a copy to the client and all other parties, and provide an additional copy to the client by the most expedient means available. See id. "After the entry of an order permitting withdrawal, the client shall be notified by the withdrawing attorney of the effective date of the withdrawal . . . ." Id. The Rules establish a much simpler procedure for formal withdrawal of counsel where another attorney is immediately taking counsel's place. See USCR 4.3 (3) (allowing the new attorney to file a "notice of substitution of counsel signed by the party and the new attorney" with service of a "a copy of the notice on the former attorney, opposing counsel or party if unrepresented, and the assigned judge," and specifying that if this procedure is followed, "[n]o other or further action shall be required by the former attorney to withdraw from representing the party").

[6] See USCR 4.2 ("No attorney shall appear in that capacity before a superior court until the attorney has entered an appearance by filing a signed entry of appearance form or by filing a signed pleading in a pending action.").

4

in December 2008, but both proceedings ended in mistrials brought on by the State. Tolbert was tried for a third time in November 2009, and the jury found him guilty of all charges. On November 6, 2009, the trial court entered judgments of conviction on the jury's verdicts and sentenced Tolbert to life in prison. New counsel was appointed to represent Tolbert on motion for new trial and direct appeal. In that appeal, the Court of Appeals affirmed Tolbert's convictions, holding, among other things, that while the trial court's off-the-record handling of the October 2007 speedy trial demand was "disconcerting" and "troubl[ing]," the demand had been struck, and Tolbert had then acquiesced in that ruling and waived the opportunity to file an out-of-time demand. Tolbert, 313 Ga. App. at 49-53. On September 10, 2012, this Court denied Tolbert's petition for certiorari.

On October 24, 2012, Tolbert filed a pro se petition for habeas corpus alleging, among many other things, that his convictions were void because his August 1, 2008 pro se notice of appeal had never been resolved and the trial court therefore lacked jurisdiction to try him. On July 22, 2013, the habeas court entered an order denying relief, holding that Tolbert had procedurally defaulted this jurisdictional claim by failing to raise the issue in the trial court

5

and on direct appeal, and that he had not shown cause and prejudice to overcome the default. On April 22, 2014, this Court granted Tolbert's application for a certificate of probable cause to appeal, posing as an issue to be addressed only the jurisdictional claim.

2. In the habeas court and on appeal, Tolbert has asserted that he was not represented by counsel when he filed his pretrial pro se notice of appeal on August 1, 2008, and the Warden has not countered that assertion. Without addressing whether Tolbert's assertion is correct and thus whether his pro se notice of appeal was cognizable, the habeas court concluded that Tolbert had nevertheless procedurally defaulted his claim that the notice of appeal deprived the trial court of jurisdiction to try him. If the notice of appeal was effective, however, its filing would have "act[ed] as a supersedeas, depriving the trial court of the power to affect the judgment appealed." Wetherington v. State, 295 Ga. 172, 173 (758 SE2d 299) (2014) (quotation marks omitted). The "judgment appealed" was the oral denial of Tolbert's statutory speedy trial motion for discharge and acquittal, and reversal of that ruling by the Court of Appeals would result in Tolbert's acquittal, thereby barring any subsequent trial or

conviction based on double jeopardy.[7]

Thus, the pretrial notice of appeal, if effective, would have deprived the trial court of jurisdiction to try Tolbert until his appeal was resolved and the trial court received and filed the remittitur from the appellate court. See Chambers v. State, 262 Ga. 200, 201-202 (415 SE2d 643) (1992) (holding that the State's appeal of a suppression order deprived the trial court of jurisdiction to try the accused and rendered his resulting convictions for armed robbery and other crimes void); Styles v. State, 245 Ga. App. 90, 92 (537 SE2d 377) (2000) (Blackburn, P.J., specially concurring) (explaining that the supersedeas resulting from an appeal in a criminal case applies to all "proceedings which either require a ruling on the matters on appeal or directly or indirectly affect such matters"). Compare Strickland v. State, 258 Ga. 764, 766 (373 SE2d 736) (1988) (holding that where the trial court denied a defendant's motion for discharge and acquittal on double jeopardy grounds but also made an express finding that the motion was "dilatory and frivolous," the court retained jurisdiction to try the defendant despite his filing of a notice of appeal from the

---

[7] The denial of a motion for acquittal on statutory speedy trial grounds is immediately appealable. See Hubbard v. State, 254 Ga. 694, 695-696 (333 SE2d 827) (1985).

denial).

The appeal at issue here would properly have been dismissed, because the trial court's oral ruling had not been reduced to an appealable written order. See Hill v. State, 281 Ga. 795, 799 (stating that an "oral order [is] neither final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk"). That would not have meant, however, that the trial court retained jurisdiction. See Hughes v. Sikes, 273 Ga. 804, 805 (546 SE2d 518) (2001) ("Although the notice of appeal must be filed in the court below, [the appellate court] alone has the authority to determine whether such filing is sufficient to invoke its jurisdiction."). Accord Scroggins v. State, 288 Ga. 346, 347 n.2 (703 SE2d 622) (2010). And contrary to the habeas court's ruling, our precedents indicate that this sort of jurisdictional defect due to supersedeas cannot be waived. See Chambers, 262 Ga. at 201 ("'Any proceeding so conducted [in the trial court] 'is coram non judice,' and the resulting want of jurisdiction cannot be waived by conduct of counsel so as to give effect to the void judgment.'" (citation omitted)); Lyon v. Lyon, 103 Ga. 747, 751-752 (30 SE 575) (1898) (original source of that quotation). Accordingly, the habeas court erred in relying on procedural default to reject Tolbert's jurisdictional

8

claim.

3.   Having carefully reviewed the record on appeal, however, we conclude that the habeas court's implicit assumption – that Tolbert's pro se August 1, 2008 notice of appeal was effective – was mistaken. Because Tolbert cannot show from the record that he was not represented by counsel on that date, he cannot show that his pro se notice of appeal was legally valid and acted to deprive the trial court of jurisdiction to try him. The habeas court therefore reached the right result in denying relief on Tolbert's jurisdictional claim.

In support of his assertion that he was not represented by counsel on August 1, 2008, Tolbert points to statements by the trial court at the July 17, 2008 hearing on his motion for discharge and acquittal and motion to remove counsel, both of which he filed pro se even though he was indisputably represented by counsel at that time. The transcript of that hearing shows that the trial court orally denied the motion to remove counsel and then discussed whether it was a good idea for Tolbert to represent himself. This was followed by a discussion about relieving Surrency and the public defender's office from representing Tolbert, and the trial court indicated that it was signing an order to that effect. However, no such order is found in the record on appeal, and

"'[e]ven though an order may be signed, it is not considered to have been entered and, thus, does not become effective until it is filed with the clerk.'" State v. White, 282 Ga. 859, 860 (655 SE2d 575) (2008). See also Titelman v. Stedman, 277 Ga. 460, 461 (591 SE2d 774) (2003) ("Until an order is signed by the judge (and is filed) it is ineffective for any purpose." (citations and quotation marks omitted)).

Tolbert also points to the "Notice of Withdrawal" that the public defender's office filed on July 31, 2008, the day before he filed his pro se notice of appeal. This notice of withdrawal is somewhat inconsistent with Tolbert's contention that the trial court had already ordered the public defender's office to withdraw at the hearing two weeks earlier. In any event, the withdrawal notice had no effect on Tolbert's representation, because "'[i]t is the trial judge and not counsel who controls the proceedings and the conduct of the court officers who are appearing before the court.'" Dunn v. Duke, 216 Ga. App. 829, 831 (456 SE2d 65) (1995) (citation omitted). A formal withdrawal of counsel "'cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record.'" Id. (citation

10

omitted). See USCR 4.3 (1) - (2). Again, no such order permitting withdrawal is found in the record on appeal.

In addition, on Friday, August 1, 2008, the day after the public defender's office filed its Notice of Withdrawal and the same day that Tolbert filed his pro se notice of appeal, a new lawyer signed and served his appearance as Tolbert's counsel; that appearance is found filed in the record on Monday, August 4. This lawyer represented Tolbert through his three trials, and his appearance immediately after the public defender's office noted its desire to withdraw indicates that Tolbert was not authorized to proceed pro se. In sum, the record on appeal indicates that Tolbert was represented by counsel when he filed his pro se notice of appeal on August 1, 2008.

A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore "unauthorized and without effect." Cotton v. State, 279 Ga. 358, 361 (613 SE2d 628) (2005). See also Williams v. Moody, 287 Ga. 665, 669 (697 SE2d 199) (2010). Tolbert's pro se notice of appeal, filed when the record indicates that he was represented by counsel, had no legal effect and thus did not divest the trial court of jurisdiction to try him. This understanding of the

11

pro se notice of appeal is bolstered by the fact that this case proceeded through not one, but three trials, and a direct appeal, without any indication that Tolbert or his counsel ever complained that there was a valid pretrial appeal still pending. It is also worth noting that, had Tolbert's pro se notice of appeal been sent to the Court of Appeals with the record, the appeal would properly have been dismissed, either on the ground that the notice of appeal was invalid because Tolbert was not actually pro se when he filed it or on the ground that he was seeking to appeal an oral order that had not been reduced to writing, signed, and filed, see Hill, 281 Ga. at 799 – but the statutory speedy trial issue that Tolbert sought to raise was actually decided (albeit against him) in his direct appeal after trial, see Tolbert, 313 Ga. App. at 49-53.

It is Tolbert's burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal. See Adamson v. Sanders, 279 Ga. 187, 188 (611 SE2d 44) (2005). Tolbert has not carried that burden here. Accordingly, although the habeas court erred in resting its judgment on procedural default, we affirm its denial of habeas relief.

Judgment affirmed. All the Justices concur.

12