**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 26, 2018**

# In the Court of Appeals of Georgia

A17A1578. SOBERANIS v. THE STATE.

ELLINGTON, Presiding Judge.

On April 5, 2017, Appellant Jorge Soberanis filed pro se a notice of appeal from a certain criminal judgment entered in the Superior Court of Cherokee County on March 20, 2017. On June 29, following docketing in this Court, the State moved to dismiss Soberanis's appeal on the basis, inter alia, that his pro se notice of appeal was a nullity because he was represented by counsel when he filed it. On the same day, this Court directed the clerk of the trial court to supplement the record with any documents in the possession of the clerk that pertained either to the release of Soberanis's trial counsel as his legal representative, the substitution of another attorney, or a finding on the record of Soberanis's waiver of his right to counsel.

Before the trial court acted, new appellate counsel moved to remand.[1] We granted Soberanis's motion to remand and denied without prejudice as moot the State's motion to dismiss. The State petitioned for a writ of certiorari.

On October 16, 2017, the Supreme Court of Georgia issued *White v. State*, 302 Ga. 315 (806 SE2d 489) (2017), which is relevant to the legal representation issue in the case at bar. On February 19, 2018, the Supreme Court vacated this Court's opinion, that is, the order denying the State's motion to dismiss Soberanis's appeal, and remanded for reconsideration in light of *White v. State*. In that case, the Supreme Court rejected the argument that a criminal defendant's "representation by counsel terminates automatically on the entry of a judgment and sentence – whether following the return of a jury verdict or the entry of a guilty plea[,]" such argument being contrary to the Court's precedents on out-of-time appeals "which recognize that defense counsel's duties towards their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed." 305 Ga. at 318 (2). The Court held that,

---

[1] On July 17, 2017, new appellate counsel, filed a motion for an extension of time to file an enumeration of errors and brief in this Court, such filing being her first appearance for Soberanis.

2

at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel – through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the [trial] court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice.

(Citation omitted.) Id. at 319 (2).

The Supreme Court allowed that "[t]here may be some period of time after which it no longer would be reasonable to treat a convicted defendant who has not filed a timely appeal or motion extending the time to appeal, or a timely motion to withdraw his guilty plea, as still represented by his trial or plea counsel" but found that that issue was not ripe for decision in *White v. State*. 305 Ga. at 319 (2). Specifically, in that case, the appellant filed pro se a motion to withdraw his guilty plea during the term of court in which judgment was entered, when, absent an order formally permitting his trial counsel to withdraw,[2] he was still represented by counsel.

---

[2] See *Tolbert v. Toole*, 296 Ga. 357, 362 (3) (767 SE2d 24) (2014) ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record.") (citation and punctuation omitted).

3

Id. Accordingly, his pro se motion to withdraw his guilty plea was a legal nullity,[3] and the trial court properly granted the State's motion to dismiss. Id.

Similarly, in this case, Soberanis filed his notice of appeal within the term of court in which judgment was entered,[4] and the record does not show that his trial counsel had been formally permitted to withdraw. Accordingly, his notice of appeal was a legal nullity, and this appeal is hereby ordered dismissed.

*Appeal dismissed. Andrews and Rickman, JJ., concur*.

---

[3] *Tolbert v. Toole*, 296 Ga. at 363 ("A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect.") (citations and punctuation omitted); *Williams v. Moody*, 287 Ga. 665, 669 (2) (697 SE2d 199) (2010) ("A pro se motion filed by a convicted defendant while represented by counsel is unauthorized and without effect.") (citations and punctuation omitted); *Maddox v. State*, 218 Ga. App. 320, 321 (1) (461 SE2d 286) (1995) (The trial court correctly denied the defendant's motion for acquittal where the defendant had filed his demand for a speedy trial pro se while represented by counsel and, as a result, "the demand was a nullity" and "of no legal effect whatsoever.") (citations and punctuation omitted).

[4] The terms of court for the Superior Court of Cherokee County begin on the second Monday in January, May, and September. OCGA § 15-6-3 (6).