# Court of Appeals
# of the State of Georgia

ATLANTA,  July 30, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1099.  RODERICK PRESTON v. THE STATE.**

In an order dated May 9, 2018, this Court dismissed Roderick Preston's appeal for lack of jurisdiction.  In that order, we determined that we lack jurisdiction to consider his direct appeal from a trial court order dated September 15, 2015 denying his motion for new trial because he did not file a notice of appeal within 30 days of the entry of that order, as required by OCGA § 5-6-38 (a). We also determined that we lack jurisdiction to consider an appeal from a June 7, 2017 Coweta County State Court order denying Preston's second motion for new trial because such motion must be construed as an extraordinary motion for new trial under OCGA § 5-5-41 (b) and because Preston had not complied with the discretionary appeal procedure set forth in OCGA § 5-6-35 (a) (7).

This Order does not affect our determination regarding our lack of jurisdiction over Preston's appeal from the trial court's September 15, 2015 order. However, because our prior order was premised on a misreading of the record before us, with respect to Preston's appeal from the June 7, 2017 Coweta County State Court order denying his motion for new trial, Preston's motion for reconsideration was granted. As set forth more fully below, to the extent it relates to the June 7, 2017 Coweta County State Court order denying his motion for new trial, we hereby again DISMISS his appeal for lack of jurisdiction.

Our May 9 order noted a representation made by Preston's counsel that the Coweta County Superior Court, on September 12, 2016, issued a consent order granting in part Preston's habeas corpus petition and this act reinstated the

proceedings as to Preston's motion for new trial in Coweta County State Court. However, in the May 9 order we stated that the record before us did not contain a copy of the habeas order. On reconsideration, we note that a supplemental record filed by the State on February 6, 2018 does contain the Coweta County Superior Court's September 12, 2016 habeas order. The habeas order remanded Preston's case to the Coweta County State Court and permitted Preston to pursue post-conviction remedies. Preston did so, timely filing a pro se motion for new trial. Counsel was appointed and argued Preston's motion for new trial before the Coweta County State Court. That motion was denied on June 7, 2017. Preston filed a pro se notice of appeal on July 7, 2017. Preston's counsel then filed a new notice of appeal on July 28, 2017, which referenced the pro se notice previously filed by Preston.

Pursuant to the Supreme Court's decision in *Ponder v. State*, Preston had the right to appeal to this Court from the State Court's June 7, 2017 order via a direct appeal rather than through the discretionary appeal procedure. *See* 260 Ga. 840, 842 (1) (1991). However, although Preston filed a pro se notice of appeal within the 30 days prescribed by OCGA § 5-6-38 (a), such filing was a legal nullity as the record does not demonstrate that Preston was unrepresented when he made the pro se filing.

As this Court recently discussed in *Soberanis v. State*, where "the record does not show that his trial counsel had been formally permitted to withdraw . . . his notice of appeal was a legal nullity[.]" 345 Ga. App. 403, 405 (812 SE2d 800) (2018). As in *Soberanis*, there is nothing in the record or Preston's briefs affirmatively demonstrating that Preston's counsel had withdrawn from representing him between the entry of the June 7, 2017 order and the filing of his pro se appeal. As a result, his pro se filing was a legal nullity. *Id*. Although appellate counsel later filed a notice of appeal that attempted to relate back to his pro se filing, counsel's filing cannot relate back to a nullity. Thus, even though Preston had the right to pursue a direct appeal from the June 7, 2017 order, pursuant to *Soberanis*, he did not timely file a notice of appeal. We therefore lack jurisdiction over his appeal, which is hereby DISMISSED.

Preston is hereby informed of the following in accordance with *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). This appeal has been dismissed because

of your counsel's failure to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court enters an order granting your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing your conviction. If the trial court enters an order denying your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The Clerk of Court is directed to send a copy of this order to Preston as well as to Preston's current attorney, who is also directed to send a copy to Preston.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/30/2018_____*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*