# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2018

*The Court of Appeals hereby passes the following order:*

## A18A2139.  TEDRIC LESLIE v. THE STATE.

In 2013, a jury found Tedric Leslie guilty of kidnapping and armed robbery, and the trial court imposed a total sentence of life imprisonment.  Leslie's trial counsel filed a timely motion for a new trial on the same day that his sentence was entered.  The trial court issued an order permitting Leslie's trial counsel to withdraw in August 2015.  A second attorney – Elizabeth Rogan – appeared on Leslie's behalf at that time and filed an amended motion for a new trial in March 2016.  The trial court denied Leslie's motion for a new trial on June 20, 2016, and, on July 14, 2016, Leslie filed a pro se notice of appeal.  The following month, the trial court issued an order permitting Rogan to withdraw as Leslie's counsel and instructed the public defender to provide appellate counsel for Leslie.  Since then, at least four additional attorneys have filed entries of appearance on Leslie's behalf in the trial court.  On October 12, 2016, one of those attorneys – Lawrence Daniel – filed a notice of appeal on Leslie's behalf, also seeking review of the June 2016 order denying Leslie's motion for a new trial.  For the reasons that follow, we lack jurisdiction.

First, Leslie's pro se notice of appeal is a nullity.  "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect."  *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted); accord *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (the defendant's pro se motions to withdraw his guilty pleas were legal nullities because he was represented by counsel when he made them).  "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an

order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." *Tolbert*, 296 Ga. at 362 (3) (punctuation omitted). Here, the record shows that Rogan was Leslie's counsel of record from August 2015 until the trial court issued its order permitting her withdrawal in August 2016. See id. Consequently, Leslie's July 2016 pro se notice of appeal is a legal nullity. See id. at 362-363 (3); accord *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (the defendant's pro se notice of appeal from his judgment of conviction, filed within the term of court in which the judgment had been entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw).

Second, Leslie's subsequent, counseled notice of appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). The October 2016 notice of appeal filed by Daniel is untimely, as it was filed 114 days after entry of the order denying Leslie's motion for a new trial. Moreover, we cannot treat the October 2016 filing as an amended notice of appeal, because there is nothing to amend – "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing." *White*, 302 Ga. at 320 (3). For each of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.

Because Leslie was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Leslie and to his attorney, and the latter also is DIRECTED to send a copy to Leslie.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 08/01/2018*
  *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
  *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ *, Clerk.*