# Court of Appeals
# of the State of Georgia

ATLANTA,  September 24, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1257.  SPENCE v. THE STATE.**

Jermaine Spence filed a pro se notice of appeal from an order in which the superior court continued his civil commitment.  The State has filed a "motion to dismiss pro se appeal," asserting that "Spence has consistently been represented by the Atlanta Circuit Public Defender," and that the public defender has not been released from representing Spence.  The State posits that dismissal of the instant appeal is required under the principle that filings submitted by an individual while still represented by counsel are unauthorized and without effect.

Spence concedes that he was represented during the proceedings below, but asserts that he is no longer being represented by any attorney.  No order permitting withdrawal of counsel, however, is found in the record on appeal,[1] and Spence's bare assertion falls short of demonstrating that he was not represented by counsel on the

---

[1] As lastly amended, the notice of appeal directed the trial court's clerk:

Please omit and do not include transcripts, and do not transmit the order being appealed; I have included [as part of the notice of appeal] a redacted copy.  This Notice of Appeal is an Application for Discretionary Appeal.  Therefore the entire docket should *not* be transmitted to the [appellate court].

(Emphasis in original.)  Consequently, the appellate record contains only Spence's notice of appeal, amendments  thereto, and the trial court's order.

date he filed the notice of appeal. See *Tolbert v. Toole*, 296 Ga. 357, 362 (3) (767 SE2d 24) (2014) (explaining that "formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal," and "[u]ntil such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record") (citation and punctuation omitted) (citing USCR 4.3 (1)-(2)). "Because [Spence] cannot show from the record that he was not represented by counsel on [the date he filed the notice of appeal], he cannot show that his pro se notice of appeal was legally valid." *Tolbert*, 296 at 362-363 (3) (instructing that an appeal is properly dismissed on the ground that the pro se notice of appeal is invalid, where the appellant was not actually pro se when he filed it).

Consequently, this appeal is hereby DISMISSED. See *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017); *Tolbert*, 296 Ga. at 362-363 (3); *Clifton v. State*, 346 Ga. App. 406, 407-408 (814 SE2d 441) (2018); *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (dismissing appeal premised upon a pro se notice of appeal, where "the record d[id] not show that [appellant's] trial counsel had been formally permitted to withdraw").

Accordingly, we also hereby DISMISS AS MOOT the two motions filed in this Court by Spence: (1) "Motion to amend: Appellant's primary objection is to the civil commitment - not to the constitutionality of the statute"; and (2) "Motion to amend: Appellant's request for relief Part II."



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/24/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*