# Court of Appeals
# of the State of Georgia

ATLANTA,  March 27, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1634. LEON WILLIAMS v. THE STATE.**

In July 2017, while represented by counsel, Leon Williams pleaded guilty to possession of cocaine with intent to distribute and driving with a suspended license. Thereafter, Williams filed a pro se motion to withdraw his guilty plea and a motion to recuse his counsel, who had been substituted since Williams's guilty plea. Williams also filed numerous other pro se motions. At the subsequent hearing, however, Williams agreed to be represented by counsel. The trial court denied Williams's motion to withdraw his guilty plea on September 26, 2018. On October 9, 2018, Williams filed a letter with the court in which he asserted that he wished to proceed pro se in his appeal; counsel indicated that he would respect Williams's wishes. On October 22, 2018, Williams filed a timely pro se notice of appeal. We lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted); accord *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (holding that the defendant's pro se motions to withdraw his guilty pleas were legal nullities because he was represented by counsel when he filed them). Moreover, "[a] formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." *Tolbert*, 296 Ga. at 362 (3) (punctuation omitted).

Here, counsel represented Williams at the hearing on the motion to withdraw his guilty plea. Although Williams later indicated that he did not wish to be represented on appeal and counsel acquiesced, there is nothing in the record showing that the trial court permitted counsel's withdrawal. Accordingly, counsel remained counsel of record when Williams filed his pro se notice of appeal. See *White*, 302 Ga. at 318 (1) ("[D]efense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed."). Consequently, Williams's pro se notice of appeal is a legal nullity. See *Tolbert*, 296 Ga. at 362-363 (3); accord *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (holding that the defendant's pro se notice of appeal was a legal nullity because it was filed within the term of court in which the judgment of conviction had been entered and the record contained no indication that the trial court had formally permitted counsel to withdraw). For this reason, the appeal is hereby DISMISSED.

Because Williams was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Williams and to his attorney, and the latter also is DIRECTED to send a copy to Williams.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 03/27/2019*
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*