# Court of Appeals
# of the State of Georgia

ATLANTA,  May 06, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0948.  TRUNG C. NGUYEN v. THE STATE.**

A Hall County jury found Trung C. Nguyen guilty of driving under the influence of alcohol, less safe, and the trial court entered his judgment of conviction on March 27, 2018. Nguyen was represented by counsel during his trial. On April 25, 2018, Nguyen filed a pro se motion for new trial. On May 17, 2018, appellate counsel filed an entry of appearance to represent Nguyen in his motion for new trial, and a substitution of counsel was filed on May 24, 2018. Thereafter, on June 11, 2018, appellate counsel filed an "Amendment to Motion for New Trial," which the trial court denied on August 10, 2018. Specifically, the court concluded that Nguyen's pro se motion for new trial was a legal nullity because he was still represented by counsel at the time of filing. Moreover, the untimely amended motion for new trial did not relate back to the original filing. Nguyen's appellate counsel filed a notice of appeal on August 28, 2018. We, however, lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (citation and punctuation omitted); accord *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (the defendant's pro se motions to withdraw his guilty pleas were legal nullities because he was represented by counsel when he made them). "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." *Tolbert*, 296 Ga. at 362 (3) (citation and punctuation omitted). Here, the

record shows that Nguyen's trial counsel remained his counsel of record until, at the very least, the end of the term at which the trial court entered his judgment of conviction. See *White*, 302 Ga. at 319 (2) ("[A]t a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, . . . – through the end of the term at which a trial court enters a judgment of conviction . . . ."); *Tolbert*, 296 Ga. at 362-363 (3); see also OCGA § 15-6-3 (26) (B) (terms of court for Hall County commence on the first Monday in May and November and second Monday in January and July). Consequently, Nguyen's April 25 pro se motion for new trial is a legal nullity. See *Tolbert*, 296 Ga. at 362-363 (3); accord *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (the defendant's pro se notice of appeal from his judgment of conviction, filed within the term of court in which the judgment had been entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw).

Because Nguyen's pro se motion for new trial is a nullity, his subsequent, counseled "Amendment to Motion for New Trial" had nothing to amend – "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing[.]" *White*, 302 Ga. at 320 (3). And if treated as an initial motion for new trial, the counseled June 11 filing is untimely, as it was filed 76 days after entry of Nguyen's March 27 judgment of conviction, well after the 30-day deadline for doing so. See OCGA § 5-5-40 (a).[1]

A notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Although the filing of a motion for new trial generally extends the deadline for filing a notice of appeal, see OCGA

---

[1] A defendant may obtain permission from the trial court to file an out-of-time motion for new trial, the denial of which may be appealed directly. See *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003). Here, however, the record does not show that Nguyen sought permission to file an out-of-time motion.

§ 5-6-38 (a), an untimely motion for new trial is void and does not extend the time for filing an appeal, *Wicks v. State*, 277 Ga. 121, 121-122 (587 SE2d 21) (2003). Nguyen's failure to file a proper and timely motion for new trial renders his notice of appeal – filed 154 days after his judgment of conviction was entered – similarly untimely. Absent a timely notice of appeal, we lack jurisdiction over this appeal, which is hereby DISMISSED. Id. at 122.

Because Nguyen was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Nguyen and to his attorney, and the latter also is DIRECTED to send a copy to Nguyen.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __05/06/2019__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.