# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2187. JAMES E. SCOTT, JR. v. THE STATE.**

On January 5, 2018, James E. Scott, Jr., entered a negotiated plea to theft by receiving stolen property and fleeing or attempting to elude a police officer. Thereafter, on February 12, 2018, Scott filed a pro se notice of appeal. We lack jurisdiction.

As an initial matter, a notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Here, Scott's notice of appeal, filed 38 days after entry of the judgment of conviction, was untimely.

Furthermore, "[a] criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014). Scott was represented by counsel when he entered his guilty plea, and there is nothing in the record indicating that his attorney either withdrew or was otherwise relieved. Accordingly, plea counsel continued to represent Scott at the time Scott filed his notice of appeal in February, and the pro se filing is a nullity. See *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (noting that, at a minimum, legal representation continues – absent an order allowing counsel to withdraw or compliance with the requirements for substitution – through the end of term at which a trial court enters a judgment of conviction and sentence on a guilty plea); *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (holding that the defendant's pro se notice of appeal from his

judgment of conviction, filed within the term of court in which the judgment had been entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw); see also OCGA § 15-6-3 (35) (D) (terms of court for Lowndes County commence on the first Monday in March and the first Tuesday following the first Monday in September).

For these reasons, this appeal is hereby DISMISSED.

To the extent that Scott's right to appeal was frustrated by his counsel's failure to file a timely notice of appeal, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga. at 875-876 (2). He therefore is informed of the following in accordance with *Rowland*:

> This appeal has been dismissed because you failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The clerk of court is DIRECTED to send a copy of this order to Scott as well as to Scott's attorney, who is also DIRECTED to send a copy to Scott.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/02/2019*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


*, Clerk.*