# Court of Appeals
# of the State of Georgia

ATLANTA,  December 03, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2121, A19A2362. DAKER v. THE STATE (two cases).**

Waseem Daker is presently serving a sentence of life plus 47 years in confinement following convictions for murder and other offenses.[1] On August 7, 2017, arrest warrants were filed against Daker related to an incident that occurred in the barbershop area at the Georgia State Prison located in Reidsville, Georgia. Joshua Brockington, an Assistant Public Defender in the Atlantic Judicial Circuit, filed on September 26, 2017, a notice of appearance on behalf of Daker. The trial court conducted a preliminary hearing on October 11, 2017, where Daker stated that representing himself was not "[his] first choice." On October 17, 2017, a grand jury indicted Waseem Daker for 2 counts of felony obstruction of an officer. That same day, Daker filed numerous pro se motions. On January 29, 2018, the trial court struck Daker's pro se motions, ruling that "[Daker] was represented by counsel."

In September 2018, Daker filed three separate motions to proceed pro se, and on September 19, 2018, he filed a motion for discharge and acquittal. On March 12, 2019, the trial court granted the State's motion to enter an order of nolle prosequi. On March 22, 2019, the trial court granted the motion to quash a non-party subpoena that Daker served upon Commissioner Timothy Ward of the Georgia Department of Corrections.

On April 11, 2019, Daker acting pro se, filed four notices of appeal. In one of his notices of appeal, Daker appeals the grant of the State's motion to quash, and in his remaining notices of appeal, he seeks appellate review of the trial court's order

---

[1] See *Daker v. State*, 300 Ga. 74, n. 1 (792 SE2d 382) (2016).

of nolle prosequi. The State filed a motion to dismiss Daker's appeal regarding the trial court's nolle prosequi order, yet it did not file an Appellee brief addressing the trial court's order to quash a non-party subpoena.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect."[2] Here, Daker was represented by counsel below, and there is nothing in the record indicating that the attorney either withdrew or the trial court issued an order relieving the attorney from representation.[3] Under these circumstances, Daker's pro se notice of appeal is a nullity.[4] Accordingly, these appeals are hereby DISMISSED.

To the extent that Daker's right to appeal was frustrated by his counsel's failure to file a timely notice of appeal, he may be entitled to an out-of-time appeal.[5] He is therefore informed of the following in accordance with *Rowland*:

---

[2] *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted).

[3] See *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017) ("defense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed"); see also *Tolbert*, 296 Ga. at 362 (3) ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record.") (citation and punctuation omitted); Uniform Superior Court Rule 4.3.

[4] See *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (holding that the defendant's pro se notice of appeal from his judgment of conviction, filed within the term of court in which the judgment had been entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw); see also OCGA § 15-6-3 (4) (F) (the terms of court for Tattnall County commence on the third Monday in April and the third Monday in October).

[5] See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995).

This appeal has been dismissed because your attorney failed to file a notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The clerk of court is DIRECTED to send a copy of this order to Daker as well as to Daker's attorney of record, Joshua Brockington, who is also DIRECTED to send a copy to Daker.

In light of the foregoing, the State's motion to dismiss is hereby DENIED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__12/03/2019_____*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*