# Court of Appeals
# of the State of Georgia

ATLANTA,  December 23, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0785. CHARLIE BRANNER, JR. v. MICHAEL W. GOWEN et al.**

Charlie Branner, Jr., filed a mandamus petition seeking to compel the trial court to schedule a hearing in a criminal matter. The trial court dismissed the petition, and Branner filed this direct appeal. We lack jurisdiction.

The relevant facts show that, in November 2018, Branner pled guilty to several criminal charges. Shortly thereafter, Branner filed a motion to withdraw his plea, and he sought appointment of new counsel. In April 2019, Branner filed a pro se mandamus petition in which he sought to compel the trial court to conduct a hearing on his motion to withdraw his plea. The mandamus petition was assigned a new civil case number. The trial court dismissed the petition, and Branner filed a pro se notice of appeal.[1]

Under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Branner is incarcerated, he was required to file an application for discretionary appeal in order to appeal the civil mandamus ruling. See *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018).

---

[1] The trial court noted that the hearing Branner sought to compel had already taken place. Branner was represented by appointed counsel at the hearing. The trial court subsequently denied the motion to withdraw the guilty plea, and the appeal of this ruling is currently pending as Case Number A20A0424.

Although the mandamus petition was given a civil case number, we note that the issues raised pertained to Branner's criminal case. To the extent that the petition may be construed as a criminal rather than a civil matter, Branner's notice of appeal is a nullity because he is represented by counsel in his criminal case. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect."); *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (notice of appeal filed by defendant "was a legal nullity").

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__12/23/2019_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*