# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1980. DEWAYMAN HARRIS v. THE STATE.**

In January 2020, Dewayman Harris was indicted for multiple felonies. Harris filed a pro se motion to dismiss on constitutional speedy trial grounds and a motion to suppress evidence. The trial court dismissed the motions, finding that Harris did not have the right to file pro se pleadings while represented by counsel. Harris then filed this pro se notice of appeal.

The trial court is correct that a criminal defendant may not file pro se pleadings while represented by an attorney. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014).  Here, however, there is nothing in the record showing that Harris is, in fact, represented by counsel. Based on the record before us, it appears that Harris's pro se notice of appeal is valid. Compare *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (holding that the defendant's pro se notice of appeal was a nullity where the defendant remained represented by counsel).

We, nonetheless, lack jurisdiction. As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). A defendant seeking to appeal non-final rulings must follow the interlocutory appeal procedures in order to obtain immediate appellate review. See *Sosniak v. State*, 292 Ga. 35, 40 (2) (734 SE2d 362) (2012) (no right to directly appeal a ruling on constitutional speedy trial grounds); *Holton v. State*, 173 Ga. App. 249, 249 (326 SE2d 240) (1985) (order on a motion to suppress is not a final judgment).

Harris's failure to follow the required appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  07/09/2020*
   *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*