# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1748.  DENNIS L. RILEY v. THE STATE.**

In June 2013, Dennis L. Riley was convicted of kidnapping, false imprisonment, aggravated assault, and possession of a firearm during the commission of a felony. The trial court denied his motion for new trial, as amended, on August 14, 2019. Then, on December 16, 2019, Riley filed a pro se notice of appeal from the denial of his motion for new trial. We lack jurisdiction because the appeal is untimely.

Pretermitting whether Riley remains represented by counsel, which would render his pro se notice of appeal a nullity,[1] a notice of appeal must be filed within

---

[1] "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." Id. at 362 (3) (punctuation omitted). Here, the record contains no indication that the trial court entered a written order relieving Riley's counsel of his representation. Nevertheless, because Riley filed his pro se notice of appeal in the term of court following the term of court in which his motion for a new trial was denied, see OCGA § 15-6-3 (8) (B), we express no opinion on whether he remained represented by counsel at that time. See generally *White v. State*, 302 Ga. 315, 318-319 (2) (806 SE2d 489) (2017) (explaining that "defense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed" and that, "at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or

30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Riley's notice of appeal, filed 124 days after the trial court entered its order denying his motion for new trial, is untimely. And although Riley also filed a pro se motion for out-of-time appeal, the record contains no indication that his motion was granted by the trial court. Accordingly, this appeal is hereby DISMISSED.

Because Riley was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2):

> This appeal has been dismissed because you failed to file a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

---

compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) – through the end of the term at which a trial court enters a judgment of conviction"); accord *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (the defendant's pro se notice of appeal from his judgment of conviction, filed within the term of court in which the judgment was entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw).

The Clerk of Court is DIRECTED to send a copy of this order to Riley and to his attorney, and the latter also is DIRECTED to send a copy to Riley.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  07/17/2020*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*