# Court of Appeals
# of the State of Georgia

ATLANTA, November 17, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0549. ROY B. BRIGHT v. THE STATE.**

On February 1, 2019, Roy B. Bright was convicted in the Douglas County Superior Court of burglary and theft by taking. After Bright filed a timely motion for new trial, new counsel entered an appearance on his behalf on October 7, 2019. The trial court denied the motion for new trial on November 15, 2019. It does not appear that Bright filed a timely notice of appeal after the denial of the motion for new trial. On January 27, 2020, Bright filed a pro se motion to vacate his conviction. The next day, the trial court issued an order dismissing the motion to vacate on the basis that it was a nullity because Bright was still represented by counsel. On February 19, 2020, Bright filed a pro se notice of appeal of this order. We lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." Id. at 362 (3) (punctuation omitted). Here, the record contains no indication that the trial court entered a written order relieving Bright's counsel of his representation. Accordingly, Bright was still represented by counsel when he filed his pro se notice of appeal, which is a nullity, and we lack jurisdiction over this appeal, which is hereby DISMISSED. See *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018).

Because Bright remains represented by counsel, he is informed of the following

in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995): If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Bright as well as to Bright's attorney, who is also DIRECTED to send a copy to Bright.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   11/17/2020*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , Clerk.