# Court of Appeals
# of the State of Georgia

ATLANTA,  October 31, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0360. BRIAN A. PRIOLEAU v. THE STATE.**

Brian A. Prioleau entered negotiated guilty pleas to possession of methamphetamine and driving with a suspended license. Following the trial court's entry of sentence, Prioleau filed a pro se notice of appeal. We, however, lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (citation and punctuation omitted). Here, the record shows that Prioleau was represented by counsel when the trial court entered sentence on July 18, 2022, and nothing in the record indicates that counsel either withdrew or was relieved from representing Prioleau when Prioleau filed his pro se notices of appeal on July 19, 2022, and August 5, 2022. See *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017) (rejecting defendant's argument that representation terminates automatically upon entry of judgment and recognizing that defense counsel's duties toward a client extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed).

Under these circumstances, Prioleau's pro se notice of appeal is a legal nullity,

and this appeal is therefore DISMISSED. See *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __10/31/2022__

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*