# Court of Appeals
# of the State of Georgia

ATLANTA, November 17, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0447. TRAVIS AMOS WELLBORN v. THE STATE.**

In 2019, Travis Amos Wellborn was convicted of multiple violations of the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-15-1 et. seq.). Wellborn's counsel filed a timely motion for new trial, which the trial court denied. Acting pro se, Wellborn filed this appeal. We lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). The record shows that Wellborn was represented by counsel at trial and continued to be represented at least through the date of the hearing on the motion (March 1, 2022). The court entered its order denying the motion on March 15, 2022, and Wellborn filed his pro se appeal on March 22, 2022. Nothing in the record indicates that counsel either withdrew or was relieved from representing Wellborn. See *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (rejecting defendant's argument that representation terminates upon entry of judgment and recognizing that a defense counsel's duties toward a clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed). Under these circumstances, Wellborn's pro se appeal is a legal nullity and must be dismissed. See *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __11/17/2022__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*